IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROLANDO DIAZ MOTA, ) | |
| Petitioner, ) | |
| vs. ) | No. 3:04-CV-0874-P (BH) |
| ) | ECF |
| DOUGLAS DRETKE, Director, ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

**A. Nature of the Case**

While incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), petitioner filed the instant petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 to challenge his conviction for possession of a controlled substance with intent to deliver. Respondent is Douglas Dretke, Director of TDCJ-CID.

**B. Procedural History**

On November 19, 1999, petitioner was convicted of possession with intent to deliver a controlled substance, and was sentenced to eighteen years imprisonment. (Pet. Writ Habeas Corpus (Pet.) at 2.) On August 22, 2001, the court of appeals affirmed his conviction. (*Id.* at 3.) It granted petitioner until November 20, 2001, to file a petition for discretionary review (PDR). *See Mota v.*

*State*, No. 05-99-02151-CR, http://www.courtstuff.com/FILES/05/99/05992151.HTM (docket sheet information generated Oct. 30, 2005) (Official internet site of the Court of Appeals for the Fifth District of Texas at Dallas). Despite such extension of time, petitioner filed no PDR. *See id.* On August 30, 2003, he filed a state petition for writ of habeas corpus that the Texas Court of Criminal Appeals denied on December 11, 2003. (Pet. at 3-4.)

Petitioner filed the instant federal petition on April 20, 2004, when he placed it in the prison mail system. (*Id.* at 9); *see also Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system). Petitioner claims that he was illegally arrested and searched in violation of his Fourth Amendment rights, his indictment failed to give adequate notice, his attorney rendered ineffective assistance of counsel, and no evidence supports his conviction or use of a weapon. (Pet. at 7-8; Brief Supp. at iiii.) With respect to his claim of ineffective assistance of counsel, he contends that his attorney failed to file a motion to suppress, failed to object to a lack of adequate notice regarding use of a weapon, failed to preserve his Fourth Amendment challenge, and failed to adequately investigate his case and secure the attendance of available witnesses at punishment. (Brief Supp. at 12-14.)

## II. STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). Thus, as § 2244(d)(1) relates to this case, the Court will calculate the one-year statute of limitations from the latest of (A) the date petitioner's conviction became final or (D) the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims.

With regard to subparagraph (A), the date petitioner's conviction became final, petitioner appealed his conviction in this case but filed no petition for discretionary review, despite a granted extension of time to do so. The state conviction therefore becomes final for purposes of § 2244(d) upon the expiration of the time for seeking further review through the filing of a PDR, *i.e.*, on November 20, 2001, the date to which the court of appeals extended the deadline for such filing.

3

*See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003). Petitioner's state judgment of conviction thus became final on November 20, 2001.

With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief also became known or could have become known prior to the date petitioner's state judgment of conviction became final on November 20, 2001. Prior to trial, petitioner would have known the factual basis for his claimed illegal search and seizure. At or before trial, petitioner would have known, or should have known through the exercise of due diligence, the factual predicate of his claims of ineffective assistance of counsel and inadequate notice from the indictment. At trial, furthermore, he would have known the sufficiency of the evidence presented against him.

Because petitioner filed his April 20, 2004 petition more than one year after his conviction became final on November 20, 2001, a literal application of § 2244(d)(1) renders his filing untimely.

### III. TOLLING

The AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Thus, the clear language of § 2244(d)(2) mandates that petitioner's time calculation be tolled during the period in which his state habeas application was pending before the Texas state courts. *See also Henderson v. Johnson*, 1 F. Supp. 2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).

4

When petitioner filed his state petition on August 30, 2003, the statutory limitations period had already expired because his conviction became final in November 2001. Thus, the statutory tolling provision does not save the April 20, 2004 federal petition. Further, nothing in the petition indicates that rare and exceptional circumstances warrant equitable tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (recognizing that statute of limitations is subject to equitable tolling).

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court find the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by statute of limitations and **DENY** it with prejudice.

**SIGNED** this 30th day of November, 2005.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE